# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STEVEN TOD BASEDEN, | DOCKET NUMBER |
| Appellant, | DC-3443-14-0468-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: December 4, 2014 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steven Tod Baseden, FPO, APO/FPO Europe, pro se.

Thomas Kathe, Jacksonville, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his reduction in pay appeal for lack of jurisdiction without a hearing. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM as modified the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency selected the appellant for a Civil Engineer position at a GS-12, Step 5 rate pursuant to a rotation agreement, which the appellant signed on December 11, 2013. Initial Appeal File (IAF), Tab 5 at 4-5. Upon his entrance on duty in January 2013, the appellant was paid at a GS-12, Step 1 rate. IAF, Tab 6 at 28, 38. The appellant's appointment was in the competitive service and was subject to a 1-year probationary period. *Id*. at 38.

¶3 The appellant filed a timely appeal alleging that he should have been reinstated rather than appointed to this position and that the correct grade level of the position was GS-12, Step 5. IAF, Tab 1. He alleged that the agency committed harmful error by not following its own procedures with respect to his appointment, and that the agency's actions were unlawful. *Id*. The administrative judge issued an order to show cause, which gave the appellant notice of his burden for establishing the Board's jurisdiction over a reduction in pay appeal. IAF, Tab 3. In response to the administrative judge's show cause order, the appellant argued that he was employed prior to the effective date

indicated on the Standard Form 50 documenting the appointment (January 22, 2014) because his rotation agreement identified him as an "employee" on December 11, 2013, and his travel orders were issued and funded on January 6, 2014. IAF, Tab 5 at 3. He also argued that his grade and step level had been set at GS-12, Step 5 because that grade and step level was indicated on his rotation agreement. *Id.* In its narrative response to the appeal, the agency argued that the Board lacks jurisdiction over the appeal because the appellant did not meet the definition of an employee as defined by 5 U.S.C. chapter 75, and had not been subjected to an appealable action because his rate of pay had not been reduced. IAF, Tab 6 at 11-12. The administrative judge issued an initial decision, without holding a hearing, dismissing the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID). The administrative judge found that, based on the "unrefuted record," the appellant could not establish that he was an employee within the meaning of 5 U.S.C. § 7511(a)(1). ID at 5-6. The administrative judge also found that, even assuming the appellant could establish that he was an employee within the meaning of 5 U.S.C. § 7511(a)(1), he failed to make a nonfrivolous allegation that he suffered a reduction in pay. ID at 6.

¶4    The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board generally has jurisdiction to review an employee's appeal of a reduction in grade or pay, *see* 5 U.S.C. §§ 7512, 7513(d), but the administrative judge properly found that the Board lacks jurisdiction over this appeal because the appellant has not made a

nonfrivolous allegation that he is an employee within the statutory definition of 5 U.S.C. § 7511(a)(1), ID.[2]

¶6    A nonfrivolous allegation of Board jurisdiction is an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). To meet the nonfrivolous standard, an appellant need only plead allegations of fact which, if proven, could show jurisdiction, though mere pro forma allegations are insufficient to satisfy the nonfrivolous standard. *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 6 n.2 (2013). In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Ferdon*, 60 M.S.P.R. at 329.

¶7    In the competitive service, an employee is an individual either: (1) who is not serving a probationary or trial period under an initial appointment, or (2) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A). According to the agency, the appellant was appointed to a career conditional position in the competitive service, effective January 22, 2014, that was subject to the

---

[2] An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Although the administrative judge's order to show cause did not give the appellant explicit notice about the evidence and arguments he must present in order to establish that he met the statutory definition of employee under 5 U.S.C. § 7511(a)(1)(A), *see* IAF, Tab 3, we find that the agency's narrative response to the appeal and the initial decision put the appellant on notice of what he must do to establish that he was an employee, thus affording him the opportunity to meet his jurisdictional burden in his petition for review, IAF, Tab 6 at 11-12, ID at 5-6; *see, e.g.*, *Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶¶ 5-6 (2007).

completion of a 1-year probationary period, which commenced that day. IAF, Tab 6 at 38. The appellant had not completed 1 year of current continuous service as of the date he alleges his pay was reduced, February 3, 2014.[3] IAF, Tab 5 at 3. There had been a 10-year break in service between his prior position in the competitive service and the appointment at issue in this appeal. IAF, Tab 6 at 62. Therefore, in the absence of a nonfrivolous allegation by the appellant regarding his status as a probationary employee, the administrative judge properly determined that the appellant is not an employee as defined by 5 U.S.C. § 7511(a)(1).

¶8      The appellant argues that his appointment was invalid and unlawful and, as a result, he is not a probationary employee but is still an applicant. PFR File, Tab 1 at 4. Even if the Board were to find, as the appellant argues, that he remains an applicant, the Board would not have jurisdiction over his appeal because applicants are not entitled to appeal reduction in pay claims to the Board. 5 U.S.C. § 7513(d) (authorizing an adverse action appeal by an "employee").

¶9      The appellant also argues on review that the agency agreed to reinstate rather than appoint him. PFR File, Tab 1 at 10. To support this allegation the appellant cites to his rotation agreement. *Id*. Even if, as the appellant alleges, the agency "agreed" to reinstate him in his rotation agreement, the appellant has not alleged that he was actually reinstated. The appellant has not provided any authority, beyond his pro forma assertion, to support his contention that the agency was required to reinstate him because his rotation agreement notes reinstatement. Agencies have discretion in determining how to fill vacancies in the competitive service and can choose to fill them by competitive appointment from a list of eligibles, noncompetitive appointment under special authority,

---

[3] The result is the same using either of the earlier dates the appellant claims he was considered an "employee" by the agency, December 11, 2013, the date of his rotation agreement, or January 6, 2014, the date his travel orders were issued. IAF, Tab 5 at 3.

reinstatement, transfer, reassignment, change to lower grade, or promotion. 5 C.F.R. § 330.102. The agency has presented a number of documents indicating that the appellant was appointed from a list of eligibles and not reinstated. The appellant's contention that he was reinstated, supported only by an allegation that the agency "agreed" to reinstate him in his rotation agreement, is insufficient to establish a prima facie case of jurisdiction.

¶10 The administrative judge determined that, even if the appellant could establish that he is an employee as defined at 5 U.S.C. § 7511(a)(1), the Board would still lack jurisdiction over his reduction in pay claim because the appellant has not made a nonfrivolous allegation that he suffered a demonstrable loss in pay. ID at 6. We disagree. The appellant has submitted a rotation agreement, which he signed on December 11, 2013, indicating that the agency selected him for a GS-12, Step 5 Civil Engineer position. IAF, Tab 5 at 4-5. The agency, however, only paid him at a GS-12, Step 1 rate, and not at the higher Step 5 rate, upon his entrance on duty in January 2013. IAF, Tab 6 at 38.

¶11 The administrative judge incorrectly found that the agency never appointed the appellant to the Civil Engineer position at a GS-12, Step 5 rate. ID at 6. For an appointment to take effect, an authorized appointing officer must take an action that reveals his awareness that he is making an appointment in the United States civil service and the affected employee must take some action denoting acceptance. *Deida v. Department of the Navy*, 110 M.S.P.R. 408, ¶ 13 (2009). In this case, the appellant nonfrivolously alleged that the appointment to the GS-12, Step 5 Civil Engineer position was approved by an authorizing appointing official through the rotation agreement and that he took some action denoting acceptance of the appointment by signing the agreement. Moreover, the appellant has nonfrivolously alleged that the appointment was not revoked prior to taking effect. *Cf. Levy v. Department of Labor*, 118 M.S.P.R. 619, ¶ 10 (2012) (to establish jurisdiction over the cancellation of a promotion as a reduction in grade, the appellant most show, inter alia, that the promotion was not revoked before it

became effective). We therefore find that the appellant has made a nonfrivolous allegation that he suffered a loss in pay but still find that the Board lacks jurisdiction over his reduction in pay claim because he is not an employee within the meaning of 5 U.S.C. § 7511.

¶12     Finally, the appellant raises for the first time on review an allegation that the agency committed a prohibited personnel practice by not complying with 5 U.S.C. § 2302(b)(12). PFR File, Tab 1 at 8. Prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980). The Board does not have jurisdiction over the appellant's prohibited personnel practice claim under 5 U.S.C. § 2302(b)(12) because there are no otherwise appealable actions in the appeal. *See, e.g.*, *Hugenberg v. Department of Commerce*, 120 M.S.P.R. 381, ¶ 25 (2013).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                 _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.